

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 18, 1964

Mr. R. L. Lattimore
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas

Opinion No. C-228

Re: Whether the give-away
program of certain merchants
in Hidalgo County, Texas, under
the facts stated, constitute a
lottery.

Dear Mr. Lattimore:

By letter dated March 6, 1964, you have requested an opinion
from this office as to whether a give-away program now being
conducted by certain merchants in your county, using regis-
tration blanks which require certain information in addition
to name and address to be filled in so that the entrants may
be eligible for the drawing, constitutes a lottery.

The additional information required in the registration blanks
relates to the age and make of certain of their appliances and
what type of appliance they plan to purchase in the future,
and would presumably be used in future sales solicitations.

The ruling decision on this subject in this State is <u>Brice v.
State</u>, 242 S.W.2d 433 (Tex.Crim.App. 1951). In this case the
give-away scheme required that anyone could register merely
by going to the mezzanine floor and writing his name, address,
and telephone number on a card, that one could not win a prize
without so registering, and that no registrant was required to
make a purchase or to be at the store at the time of the draw-
ing. The Court held that this scheme did not constitute a
lottery since the element of consideration was lacking.

Although the fact situation you have outlined to us is some-
what different, we nevertheless feel it to be governed by the
holding in <u>Brice</u>. It is true, that, in addition to name, ad-
dress, and telephone number, the registrant must furnish fur-
ther information, presumably so that salesmen may contact each
of the registrants at some future time to attempt to sell them
some merchandise; but this further element fails to constitute
a consideration.

In <u>Brice</u>, the Court stated:

> "The fact that the holder of the drawing expects
> thereby to receive, or in fact does receive, some ben-
> efit in the way of patronage or otherwise, as a result

-1106-

of the drawing, does not supply the element of consideration paid by the chance holder for the chance. . . .

"Distributing prizes by lot or chance to holders of tickets given away is not carrying on a lottery, although it may be done with the view of drawing a large crowd together in the hope of profit from such of them as may choose to buy medicines from the distributor, or tickets to performances given by him, or to pay for seats in the tent where the prizes are selected, where no payment for any purpose is necessary as a condition of receiving a prize. . . .

"Under the authorities mentioned, we must conclude that in the absence of any character of favoritism shown to customers, the lottery statute, Art. 654, P.C., is not violated under a plan whereby a merchant awards a prize or prizes by chance to a registrant without requiring any registrant to be a customer or to purchase merchandise or to do other than to register without charge at the store, though the donor may receive a benefit from the drawing in the way of advertising. . . .

"The 'consideration' in this case which moves from the parties participating in the drawing for the prize, or prizes, to appellant is entirely fanciful. It is not sufficiently substantial to be classed as a reality. If the people who registered are to be construed to have paid a consideration by merely stepping into the house and signing their names, we would find ourselves in conflict with all the decisions of our civil courts on questions of contract involving a consideration. It would hardly be necessary to discuss the question if involved in a civil action. Just why we should use a different rule to measure a consideration is not understandable."

## SUMMARY

Since the merchant does not require any registrant to be a customer or to purchase merchandise or to do other than to register without charge at the store; and, although the holder of the drawing expects to receive, and may in fact, receive some benefit by way of patronage or otherwise, the element of consideration is lacking and the give-away program outlined is not a lottery.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: CHARLES B. SWANNER
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Allo B. Crow
Wayne Rodgers
W. O. Shultz
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays